UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

FEB - 9 2009

CLERK OF COURT
LAREDO DIVISION

| | | |
|---|---|---|
| ANNETTE MARISCAL, et al., | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. L-09-91 |
| ALBERTO OCHOA, III, et al., | § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendant City of Laredo's motion to dismiss all of Plaintiffs' state law claims. Plaintiffs have filed no response.[1] On July 28, 2009, Plaintiffs filed this lawsuit in state court, asserting a 42 U.S.C. § 1983 claim and certain state tort law claims against the City of Laredo ("the City") and five Laredo police officers, Alberto Ochoa, III, Eduardo Juarez, Ricardo Rodriguez, Mario A. Chavarria, and James Evans in both their official and personal capacities. The City of Laredo removed this suit to federal court on August 30, 2009.[2]

---

[1] The motion, therefore, is considered as unopposed. See Local Rule 7.4. (Dkt. No. 2.)
[2] The "rule of unanimity" requires each served defendant to consent to removal. Getty Oil Corp. v. Ins. Co. of N. America, 841 F.2d 1254 (5th Cir. 1988). If after removal a non-petitioning defendant files an answer in federal court, that, without more, is ambiguous, and does not satisfy the rule of unanimity. E.g., Spillers v. Tillman, 959 F. Supp. 364, 372 (S.D. Miss. 1997). A removal defect, however, is not jurisdictional and may be waived by failure to file a motion to remand. Getty Oil Corp., 841 F.2d at 1263. In this case, the City, acting alone, filed a Notice of Removal. After removal, the individual defendants filed an Answer in this Court, but gave no other indication that they consented to removal. Thirty days have passed since the City's filing of its Notice of Removal, and neither Plaintiffs nor the individual defendants have moved for remand. Any removal defect has, therefore, been waived. Id.

1

Presuming Plaintiffs' factual allegations to be true, on July 27, 2007, several Laredo police officers chased a vehicle driven by Luis Gerardo Duque to a residence at 410 S. San Pedro Street. The vehicle carried Annette Mariscal, Cecilia Margarita Mariscal (age 16), Yvette Mariscal (age 14), Jeanette Marie Duque (age 2), and Luis Gerardo Duque, Jr. (age 8 months). Maria del Carmen Mariscal, Alma Celene Ortiz (age 16) and Juan Jose Barraza, a minor, were present at the residence when the vehicle and police officers arrived.

It is alleged that Officers Ochoa and Chavarria exited their cruisers with weapons drawn and began to extricate the passengers from the vehicle. Chavarria pulled Duque out of the vehicle, and Ochoa began to remove Annette, who was holding Duque, Jr., and also the other four minors. Maria del Carmen approached the officers to complain about their handling of Annette and the minors. The officers responded by physically assaulting her and applying pepper spray on her. She was four weeks pregnant and later miscarried, due to the beating she received at the hands of Ochoa, Juarez, Rodriguez, Chavarria, and Evans. The officers sprayed pepper in the direction of Maria del Carmen and all the minors who were in the vehicle and

---

Plaintiffs nor the individual defendants have moved for remand. Any removal defect has, therefore, been waived. Id.

used a taser to subdue Duque. All five officers also pointed weapons at Duque, Jr., Cecilia, Jeannette, Yvette, and Alma.

## DISCUSSION

Plaintiffs sue the City and officers Ochoa, Juarez, Rodriguez, Chavarria, and Evans in both their personal and official capacities, alleging assault and false imprisonment under state law and excessive use of force in violation of the Fourth Amendment to the U.S. Constitution. The City moves to dismiss the state claims against the officers in their individual capacities pursuant to § 101.106(e) of the Texas Tort Claims Act ("the Act"), which requires the dismissal of a governmental unit's employees when both the unit and the employees are sued together. The City also asserts that it and its employees, in their official capacities, are protected by governmental immunity.

Standard of Review

The City describes its motion generally as a Rule 12(b) motion, but refers to subsections (b)(6) and (b)(1) in its standard of review analysis. A Rule 12(b)(1) motion is appropriate when dismissal is sought based on governmental immunity,[3] and a Rule 12(b)(6) motion applies to the City's

---

[3] In Texas courts, a defendant invoking governmental immunity files a plea to jurisdiction, see e.g., Huntsville Ind. Sch. Dist. v. Briggs, 262 S.W. 3d 390 (Tex. App.—Waco 2008, pet. filed), which is a plea that seeks dismissal of a case for lack of subject-matter jurisdiction. Because governmental immunity

motion for dismissal of the individual defendants in their personal capacities.

Tort Claims Against the Individual Defendants in their Personal Capacities

Plaintiffs allege state assault and false imprisonment claims against all individual defendants in their personal capacities. The City moves to dismiss these claims by invoking the "irrevocable election" provision of § 101.106(e) of the Texas Tort Claims Act, which provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005.)

The Court first considers whether the tort claims alleged by Plaintiffs were "filed under" the Act, making § 101.106(e) applicable. The Texas Supreme Court has held that all tort theories alleged against a governmental entity, whether it is sued alone or together with its employees, are assumed to be brought under the Tort Claims Act for purposes of Section 101.106. Mission Consol. Indpt. Sch. Dist. v. Garcia, 253 S.W. 3d 653, 659 (Tex. 2008). All of Plaintiffs' tort claims,

---

from suit defeats a trial court's jurisdiction, it may be raised by such a plea. Harris County v. Sykes, 136 S.W. 3d 635, 638 (Tex. 2004).

4

therefore, fall within the scope of the Act and the purview of § 101.106(e).

Section 101.106(e)'s purpose is to force "a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." Id. at 657-58. When Plaintiffs elected to sue the City and its employees, they made an irrevocable election to proceed against the City alone. Id. Accordingly, the Court will dismiss Plaintiffs' state tort claims against the employees in their personal capacities.

Tort Claims Against the City and the Individual Defendants in their Official Capacities

Plaintiffs also allege state assault and false imprisonment claims against the City and its employees in their official capacities. Sovereign immunity shields a state from suit unless it expressly consents to being sued. Harris County v. Sykes, 136 S.W. 3d 635, 638 (Tex. 2004). Governmental immunity affords similar protection to subdivisions of the state, such as cities. Id. The purpose of sovereign immunity, and its counterpart, governmental immunity, is to protect subdivisions of the state from lawsuits and liability for money damages. Garcia, 253 S.W.

5

3d at 655 (citations omitted). Furthermore, "[a] suit against a government's employees in their official capacities, is in all respects, a suit against the State; thus employees sued in their official capacities are shielded by sovereign immunity." Univ. of Texas Med. Branch at Galveston v. Hohman, 6 S.W. 3d 767, 777 (Tex. App.–Houston [1st Dist.] 1999, pet dism'd w.o.j.).

Under Texas law, a governmental unit is immune from tort liability unless the state legislature has waived immunity. Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W. 2d 339, 341 (Tex. 1998). The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities, Garcia, 253 S.W. 3d at 655 (citation omitted), but that waiver does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." § 101.057. Therefore, the City and the individual defendants in their official capacities are immune from liability on Plaintiff's state tort claims.

## 42 U.S.C. § 1983 Claims Against the Individual Defendants in their Official Capacities

The Court will sua sponte dismiss Plaintiffs' § 1983 claims against the individual defendants in their official capacities because the claims are redundant and duplicative of Plaintiffs' claims against the City. See Thompson v. Connick, 553 F.3d 836, 869 n.27 (2008); Castro Romero v. Becken, 256 F.3d 341, 355 (5th

6

Cir. 2001) (affirming the trial court's dismissal of allegations against municipal officials in their official capacities as duplicative of the allegations against the governmental entity).

## CONCLUSION

Defendant City of Laredo's motion to dismiss (Docket No. 2) is GRANTED as to all of the state tort claims. This case shall proceed only as a §1983 claim against the City of Laredo and the five individual officers in their personal capacities.

The parties are now DIRECTED to meet forthwith to prepare a scheduling order for conclusion of discovery, filing of any further dispositive motions, and submission of a final joint pretrial order. The attached format may be used. Because this case was removed in August 2009, the suggested dates in the proposed order shall be reasonably prompt. The proposed scheduling order shall be submitted for approval to the Court no later than March 1, 2010.

DONE at Laredo, Texas, this 9th day of February, 2010.

_____
Senior United States District Judge

7